# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GEORGE LARSEN,

    *Plaintiff*,

v.

WILLIAM BARR,

    *Defendant*.

Civil Action No. 20-840 (RDM)

## MEMORANDUM OPINION

Plaintiff George Larsen, a federal prisoner, has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. He alleges principally that his detention is unconstitutional because his sentencing court—the United States District Court for the Eastern District of California, *id.* at 5—lacked jurisdiction and because federal authorities did not have authority to prosecute him, *see id.* at 50–95. Under 28 U.S.C. § 2243, a court "entertaining an application for a writ of habeas corpus" must award the writ or "issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Because Larsen's petition must be brought as a 28 U.S.C. § 2255 motion filed with the court which imposed his sentence, he is not entitled to the writ and his petition will be dismissed.

The general rule is that a "federal prisoner, who attacks the legality of his sentence or conviction," must first file a motion pursuant to 28 U.S.C. § 2255 before "petitioning for a writ of habeas corpus" under § 2241. *Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999). Larsen argues that his claim is "outside the scope" of § 2255 because he is contesting only the legality of his detention, not his conviction or sentence, Dkt. 1 at 21, and because he is not

challenging the jurisdiction of his sentencing court, but rather the "jurisdiction" of the Attorney General, *id.* at 14.

Despite his protests to the contrary, Larsen's claim is a challenge to his conviction and the resulting sentence. That is, even under Larsen's own theory of the case, his detention is unlawful because of alleged flaws in the sentencing court's jurisdiction and the unconstitutionality of his prosecution. As a result, his claims fall within § 2255, *see* 28 U.S.C. § 2255(a) (authorizing courts to provide relief to prisoners detained under a sentence imposed by a court "without jurisdiction to impose such sentence" or on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States"), and cannot be raised in a § 2241 petition unless the § 2255 remedy would either be "inadequate or ineffective," *id.* § 2255(e). As to this point, Larsen seems to argue that § 2255 is inadequate because he is challenging the authority of the Attorney General, not the sentencing court, and § 2255 is directed only at the sentencing court. *See* Dkt. 1 at 15–16. This argument does not pass muster because it relies on a faulty disjunction between the authority of his custodian and the basis of his detention.

Of course, the Court has an obligation to construe *pro se* filings liberally, *see Gowadia v. Internal Revenue Service*, 87 F. Supp. 3d 188, 191 (D.D.C. 2015), and consistent with that obligation it may construe his action as a habeas petition brought under 28 U.S.C. § 2255. But even if his action is construed as a petition brought under § 2255, it must still be dismissed. Under 28 U.S.C. § 2255(e), "[a]n application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him." Although this rule admits of narrow exceptions, for the reasons explained above, Larsen has failed to allege any facts that might trigger such an exception. *See*

28 U.S.C. § 2255(e) (exception for cases where "remedy by motion is inadequate or ineffective to test legality of his detention"). This Court is not the "court which sentenced him" and thus cannot entertain his petition. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952).

The Court will, accordingly, dismiss the petition without prejudice as outside the authority of this Court to entertain.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: April 2, 2020