UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE LARSEN,

*Petitioner*,

v.

MERRICK B. GARLAND,[1]

*Respondent.*

Civil Action No. 20-840 (RDM)

### MEMORANDUM OPINION AND ORDER

Petitioner George Larsen, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. 1.  Among other things, he alleges that his detention is unconstitutional because his sentencing court (the United States District Court for the Eastern District of California, *id.* at 5) lacked jurisdiction and because the relevant federal officials lacked authority to prosecute him.  *Id.* at 50–95.

On April 2, 2020, the Court dismissed Larsen's petition.  Dkt. 2.  The Court explained that "[t]he general rule is that a 'federal prisoner, who attacks the legality of his sentence or conviction,' must first file a motion pursuant to 28 U.S.C. § 2255 before 'petitioning for a writ of habeas corpus' under § 2241."  *Id.* at 1 (quoting *Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999)).  Larsen had not first filed a § 2255 motion, however, rendering his motion § 2241 premature.  *Id.* at 1–2.  Moreover, even if Larsen's petition could have itself been construed "as a habeas petition brought under 28 U.S.C. § 2255," the Court further explained that it was "not the 'court which sentenced' [Larsen], and thus [that it could not] entertain his

---

[1] Merrick B. Garland, the current Attorney General, is substituted for William P. Barr pursuant to Federal Rule of Civil Procedure 25(d).

[§ 2255] petition" either. *Id.* at 3 (quoting *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952)).

Larsen now moves under Federal Rule of Civil Procedure 52(b) to alter or amend the Court's order and judgment. Dkt. 4. In doing so, Larsen reiterates the same argument that he originally made and that the Court has already rejected—that is, that he is not challenging his sentence but instead the legality of his confinement, and thus, he need not file a § 2255 motion. *Id.* at 3. Larsen also argues that the Court's prior Memorandum Opinion suffered from the following defects: (1) the Court's reasoning relied on caselaw which, Larsen contends, "is not identified as an element of the 'Supreme Law of the Land'" upon which judges may rely; *id.* at 19 (emphasis omitted); *see also id.* at 2; (2) the Court substituted the "United States Federal Government as respondent for . . . William Barr," *id.* at 3; (3) the Court offered its own testimony onto the record in violation of Federal Rule of Evidence 605; *id.*; (4) the Court did not require Respondent to file a response to Larsen's petition; (5) the Court "ha[d] a clear bias against" Larsen, *id.* at 5;[2] (6) the Court deprived Larsen of certain "inherent rights protected by the Constitution," *id.*; and, finally, (7) the Court's decision was devoid of any factual or legal basis, *id.* at 6–7.

None of these arguments is persuasive. As the Court made clear in its prior opinion, and as courts have repeatedly held, absent certain exceptions not present here, "[a] challenge to the petitioner's conviction or sentence must be made in the sentencing court under 28 U.S.C. § 2255." *Judd v. Gonzales*, No. 13-cv-1504, 2013 WL 5615049, at *1 (D.D.C. Oct. 15, 2013).

---

[2] Larsen has not moved to recuse the undersigned judge. The Court notes, however, that mere disagreement with a judge's rulings—the basis for Larsen's claim of bias in this case—does not provide an appropriate basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" that would require a judge's recusal.).

"[O]nly thereafter . . . [may] the challenge . . . be brought under 28 U.S.C. § 2241 as a petition for a writ of habeas corpus lodged in the district court that has personal jurisdiction over the prisoner's immediate custodian." *Twitty v. Holder*, No. 10-cv-174, 2010 WL 364343, at *1 (D.D.C. Jan. 29, 2010) (citing 28 U.S.C. § 2255; *Wilson v. Office of Chairperson, D.C. Bd. of Parole*, 892 F. Supp. 277, 279 (D.D.C. 1995)).  Here, Larsen argues "that a petition challenging the legality of one's detention has nothing whatsoever to do with a petition to vacate, set aside, or correct a sentence." Dkt. 4 at 6.  But, on the very same page of his motion, he describes the gravamen of his petition, asserting that the Attorney General "had no authority/jurisdiction to investigation or prosecute" him.  *Id.*  Although he maintains that his claim "has nothing on God's green earth to do with a 28 U.S.C. § 2255 motion," *id.*, the Court disagrees.  Larsen's claim that his detention is unlawful because he was prosecuted without authority is a challenge to his conviction and sentence, and this "collateral attack on his conviction and sentence . . . must be pursued . . . pursuant to 28 U.S.C. § 2255 in the sentencing court." *Fouche v. Mukasey*, 296 Fed. App'x 74, 74 (D.C. Cir. 2008) (per curiam).  Only if that "remedy is inadequate or ineffective" may a defendant seek relief under § 2241, and, even then, the defendant must do so "in the judicial district where [his] custodian is located." *Id.*  Larsen cannot satisfy either of those conditions here: the prospect that his claim is likely to fail on the merits does not mean that the remedy provided in § 2255 is "inadequate or ineffective," *Perales v. Hawk*, No. 99-5098, 1999 WL 728357, at *1 (D.C. Cir. Aug. 4, 1999), and, even if Larsen was entitled to petition under § 2241, he is not incarcerated in the District of Columbia.

Accordingly, it is hereby **ORDERED** that Larsen's Motion to Alter Judgment, Dkt. 4, is **DENIED**.

    **SO ORDERED**.

                                            /s/ Randolph D. Moss
                                            RANDOLPH D. MOSS
                                            United States District Judge

Date:  March 19, 2021